**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-050-TCK |
| ) | (06-CV-521-TCK-FHM) |
| DAINSLEY KEITH ROY HENRY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 50) filed by Defendant Dainsley Keith Roy Henry ("Defendant" or "Henry"). Defendant, represented in this matter by counsel, also filed a supporting brief (Dkt. # 52). The government filed a response (Dkt. # 56). Defendant filed a reply (Dkt. # 57). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied.

*BACKGROUND*

Between about January 22, 2002, and May 17, 2004, Henry and his co-defendants Gina Rae Chapman and Melanie Anne Paxton conspired to obtain money from Chapman's employer, American Airlines, by fraud and false representations. As a result of those activities, on June 17, 2005, Defendant entered his pleas of guilty to Conspiracy (Count 1), Mail Fraud (Count 10), and Wire Fraud (Count 12). The guilty pleas were entered pursuant to a plea agreement. See Dkt. # 24, Ex. 1. Almost three (3) months later, on September 13, 2005, Defendant was sentenced to five (5) months imprisonment on each count, all to run concurrently, followed by three (3) years supervised release. He was further ordered to pay $68,099.31 in restitution to American Airlines. Judgment

(Dkt. # 42) was entered on September 27, 2005. Defendant was represented by attorney Ronald L. Daniels. Defendant did not appeal his convictions to the Tenth Circuit Court of Appeals.

On September 26, 2006, Defendant, represented by attorney William D. Lunn, filed the instant § 2255 motion (Dkt. # 50). He also filed a supporting brief (Dkt. # 52). Defendant, a citizen of Jamaica, asserts that his trial counsel provided ineffective assistance of counsel in misleading him concerning the adverse consequences of his conviction on his immigration status. See Dkt. # 50. Specifically, Defendant complains that counsel failed to advise him that under the terms of his plea agreement, deportation was mandatory. See Dkt. # 52. On October 24, 2006, the government filed a response to the § 2255 motion, arguing that the ineffective assistance of counsel claim lacks merit. During the pendency of this § 2255 motion, Defendant has been deported from the United States. See Dkt. # 58.

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

### B. Counsel did not perform deficiently

As his sole proposition of error, Defendant alleges his attorney provided ineffective assistance during his criminal proceeding when he failed to advise him that a collateral consequence of his conviction in this case was mandatory deportation. To establish ineffective assistance of

2

counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Defendant's attorney, Ron Daniels, states that he told Defendant prior to entry of his guilty pleas that his conviction "might" subject him to deportation. See Dkt. # 57, attached Affidavit of Ron Daniels. Defendant states that prior to signing the plea agreement, he expressed concern about his immigration status to his attorney, who told him, "Don't worry about it . . . this will just be a bump in the road. We'll deal with this when we get there." See Dkt. # 52 at 2. Despite being

3

informed of the risk of deportation, Defendant nonetheless proceeded to plead guilty. After the Court accepted the guilty pleas, Defendant was allowed to remain free on bond during the three (3) months prior to sentencing. During that time, he apparently took no action to ascertain with certainty the impact of his convictions on his immigration status and did not move to withdraw his guilty pleas. The record further reflects that when the Court pronounced sentence, Defendant was ordered, as a condition of supervised release, "to be surrendered to a duly authorized immigration official for possible deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. Sections 1101-1524." See Dkt. # 55 at 8. The same requirement was made part of the Judgment and Commitment (Dkt. # 42). Defendant now claims that had he been informed that his plea of guilty would result in mandatory deportation, he would have "insisted on going to trial or had his attorney negotiate a different plea agreement that would remove or reduce the likelihood of deportation." Id.

The Court finds that under the facts of this case, Defendant has failed to convince the Court that his attorney performed deficiently. In Broomes v. Ashcroft, 358 F.3d 1251 (10th Cir. 2004), the Tenth Circuit determined that deportation remained a collateral, rather than a direct, consequence of a criminal conviction, and an attorney's failure to advise a criminal defendant of the possibility of deportation does not result in a Sixth Amendment deprivation. Id. at 1257. However, Defendant does not contest counsel's averment that he told Defendant that deportation was a possibility. Defendant focuses his argument on his allegation that his attorney "affirmatively misled" him as to the consequence of his guilty pleas. In support of his position, Defendant relies on United States v. Kwan, 407 F.3d 1005, 1015 (9th Cir. 2005) (granting *coram nobis* relief based on ineffective assistance of counsel); United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002) (reversing district

4

court's denial of motion to withdraw guilty plea after finding ineffective assistance of counsel); and United States v. Corona-Maldonado, 46 F.Supp.2d 1171 (D. Kan. 1999) (granting relief under 28 U.S.C. § 2255 and vacating conviction after finding ineffective assistance of counsel). Each of those cases, however, is distinguishable from the instant case. In Kwan, 407 F.3d at 1015-16, the defense attorney held himself out as having expertise on immigration consequences of criminal convictions and affirmatively represented to the defendant that pleading guilty would not subject him to deportation. In Corona-Maldonado, 46 F.Supp.2d at 1172, the defense attorney specifically told the defendant that the offense to which he pled guilty was not a removable offense and that he would not be returned to Mexico following his release from prison. In contrast to those cases, Defendant in this case does not allege that his attorney told him he would not be deported. Nor does he allege that his attorney held himself out as having expertise on immigration consequences and does not contest that his attorney told him he "might" be subject to deportation. In Couto, 311 F.3d at 183, the defendant alleged that her attorney assured her that they could deal with her immigration problem after the guilty plea, and said there were many things that could be done to prevent her from being deported, including asking the judge for a letter recommending against deportation. Based on advice from her attorney, the defendant pled guilty. Id. Prior to sentencing, however, she obtained new counsel and moved to withdraw her guilty plea. Id. at 184. Unlike the defendant in Couto, Defendant in the instant case took no further action prior to sentencing to determine whether he would in fact be subject to deportation.

Applying the Strickland standard, the Court finds that counsel did not perform deficiently. Defendant does not allege that his attorney affirmatively stated that he would not be deported. Defendant does not contest Daniels' recollection that he advised Defendant that he "might" be

deported. The remarks made by Defendant's counsel do not rise to the level of an affirmative assurance that Defendant would not be deported. Thus, this case is distinguishable from cases, such as Corona-Maldonado. See, e.g., State v. Rojas-Martinez, 125 P.3d 930, 936-37 (Utah 2005) (finding that attorney's advice that defendant's guilty plea and conviction "might or might not" lead to deportation was not an affirmative misrepresentation and did not constitute deficient performance). The Court concludes that Defendant has not satisfied the performance prong of the Strickland standard. As a result, he is not entitled to relief under 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel. His motion shall be denied.

### *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claim asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 50) is **denied**.

2. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 16th day of September, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE